O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DECKERS OUTDOOR CORPORATION, a Delaware Corporation,

        Plaintiff,

    v.

SHOESCANDAL.COM, LLC, a Nevada Limited Liability Company; and DOES 1–10, inclusive,

        Defendants.

Case No. CV 12-7382 ODW (SHx)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [25]**

## I.   INTRODUCTION

Deckers Outdoor Corporation moves for default judgment against ShoeScandal.com, LLC on its claim for patent infringement in violation of 35 U.S.C. § 271.  (ECF No. 25.)  For the following reasons, the Court **GRANTS in part** and **DENIES in part** Deckers's Application.[1]

## II.   FACTUAL BACKGROUND

On August 28, 2012, Deckers Outdoor Corporation sued ShoeScandal.com, LLC for patent infringement and unfair competition pertaining to the purchase and sale of goods with designs nearly identical to Deckers's federally registered design patents for its famous UGG Australia line of footwear.  On October 15, 2012, the

---

[1] The Court deems this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.

Clerk of this Court entered default against ShoeScandal under Federal Rule of Civil Procedure 55(a).  (ECF No. 13.)  Pending before the Court is Deckers's June 6, 2013 Application for Default Judgment.  (ECF No. 25.)

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a).   Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).

The Court has discretion to decide whether to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).   Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).   But in exercising its discretion regarding entry of default, the Court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

/ / /

/ / /

## IV.   DISCUSSION

Deckers's Motion for Default Judgment seeks liability as to each claim asserted in its Complaint.   Provided the Court finds ShoeScandal liable, Deckers seeks judgment in the form of $500,000 in statutory damages, reasonable attorney's fees under Local Rule 55-3, costs according to a bill of costs to be submitted within fourteen days after entry of judgment under Local Rule 54-2.1, pre-judgment interest, post-judgment interest under 28 U.S.C. §1961(a), and permanent injunctive relief enjoining ShoeScandal from further infringement on Deckers's patent rights under 35 U.S.C. § 283. In all, Deckers requests the Court to enter default judgment against ShoeScandal in the amount of $550,517.65.  (Appl. ¶ 7.)  The Court considers each in turn.

### A.   Liability

Deckers meets the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55-1.  Specifically, Deckers has set forth that (1) the Clerk entered default judgment against ShoeScandal on October 15, 2012 (Appl. ¶ 3); (2) the default is based on ShoeScandal's failure to respond to Deckers's Complaint (*id.* ¶ 1); and (4) Deckers served ShoeScandal with notice of its Application for Default Judgment (*id.* ¶ 5).[2]  The Court also finds that consideration of the *Eitel* factors weighs in favor of granting the Application.  *See Eitel*, 782 F.2d at 1471–72.  Accordingly, Deckers's Application for Default Judgment is **GRANTED** as to liability.

### B.   Compensatory Damages

Deckers has failed, however, to adequately prove its damages.  Upon default, factual allegations in the complaint are taken as true, except those relating to the amount of damages.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  "Plaintiff is required to prove all damages sought in the complaint.  In

---

[2] Because ShoesScandal is not a person, the Court does not consider whether the defaulting party is incompetent or falls under the Service Member's Relief Act.

1    addition, [a] judgment by default shall not be different in kind [or] exceed in amount

2    that prayed for in the [complaint]."  *Phillip Morris USA, Inc. v. Castworld Prods.*, 219

3    F.R.D. 494, 498 (C.D. Cal. 2003) (internal quotation marks omitted).

4         Under 35 U.S.C. § 284, a design-patent patentee may recover compensatory

5    damages from the infringer, "but in no event less than a reasonable royalty.

6    Alternatively, the patentee may elect to recover the infringer's total profits (but no less

7    than $250) under 35 U.S.C. § 289.  And when only a design patent is at issue, a

8    patentee may not recover both infringer profits under § 289 and additional damages,

9    such as a reasonable royalty, under § 284.  *Catalina Lighting, Inc. v. Lamps Plus, Inc.*,

10   295 F.3d 1277, 1291 (Fed Cir. 2002).

11        Rather than seek damages under § 284, Deckers seeks ShoeScandal's profits

12   from the sale of the infringing products under § 289.  (Appl. at 6–7.)  Because

13   ShoeScandal failed to appear in this action, Deckers seeks to prove ShoeScandal's

14   profits through an invoice produced by Ollie's Bargain Outlet—a retailer to whom

15   ShoeScandal allegedly sold the infringing boots at issue here—in an unrelated action

16   pending in the Southern District of New York.[3]  (Chan Decl. ¶ 7.)  But in doing so,

17   Deckers improperly equates ShoeScandal's total *"earned revenue"* with its total

18   *profits*: rather than adjust the invoice amount downward to account for ShoeScandal's

19   expenses, Deckers simply seeks ShoeScandal's net revenue from its sales to Ollie's

20   Bargain—and then some.  (Appl. 6–7.)

21        In arriving at ShoeScandal's total-profit figure under § 289, Deckers cannot

22   look solely to ShoeScandal's gross sales figures.  Rather, it must subtract from the

23   gross sales all of ShoeScandal's direct and indirect expenses.  *See Nike, Inc. v. Wal-*

24   *Mart Stores, Inc.*, 138 Fed. Cir. 1437, 1447 (Fed. Cir. 1998).  It is impossible that

25   ShoeScandal realized 100% profit on its sales, and Deckers doesn't even attempt to

26   argue that this is the case.  Moreover, the amount actually invoiced for the infringing

27

28   [3] *Deckers Outdoor Corp. v. Ollie's Bargain Outlet, Inc.*, No. 1:12-cv-09114-AKH (S.D.N.Y. filed Dec. 14, 2012).

4

footwear was significantly less than Deckers's proposed damages figure, and Deckers attempts to justify the additional $70,000 with the broad and unsupported proposition that ShoeScandal "has likely made *additional* sales to other retailers, the exact amount of which remains unknown."  (Appl. at 7 (emphasis in original).)  Without more, this vague pronouncement is insufficient to approximate ShoeScandal's profits under § 289.

The Court realizes that an exact damages calculation may be difficult—if not impossible—for Deckers to establish in light of ShoeScandal's lack of participation in this lawsuit.  Indeed, a patent owner need only prove its lost profits "with reasonable probability."  *Pfizer, Inc. v. Int'l Rectifier Corp.*, No. CV 73-58, 1983 U.S. Dist. LEXIS 15751, at *7 (C.D. Cal. June 30, 1983); *see also Photo Elecs. Corp. v. England*, 581 F.2d 772, 784 (9th Cir. 1978); *Landes Mfg. Co. v. Chromodern Chair Co.*, 203 U.S.P.Q. 337 (C.D. Cal. 1978).  To require otherwise would be to invite defendants accused of patent infringement not to respond to any complaint as a means to avoid any monetary liability.  But Deckers must do more here than provide the Court with an invoice, add $70,000 to that figure, and proclaim that the resulting sum approximates ShoeScandal's profits.  *Cf. Oiness v. Walgreen Co.*, 88 F.3d 1025, 1031 (Fed. Cir. 1996) ("While estimates of lost future profits may necessarily contain some speculative elements, the factfinder must have before it such facts and circumstances to enable it to make an estimate of damage based upon judgment, not guesswork." (internal quotation marks omitted)).  Accordingly, the Court **DENIES** Deckers's request for damages **WITHOUT PREJUDICE**.  Deckers may renew its request for damages no later than August 26.  Should it fail to do so, the Court will dismiss this matter for lack of prosecution.

**C.    Attorney's Fees and Costs**

Under Local Rule 55-3, reasonable attorney's fees necessarily depend on the statutory damages amount.  Since statutory damages have yet to be finalized, the Court **DENIES** this request without prejudice.

1    Deckers is entitled to recover the costs incurred in litigating this action "upon
2    finding for the claimant."   35 U.S.C. § 284.   Because the Court grants Deckers's
3    motion as to liability, the Court likewise **GRANTS** Deckers's request for costs,
4    subject to proof in an application to tax costs under Local Rule 54-2.1.

5    **D.    Pre- and Post-Judgment Interest**

6    Since statutory damages have not yet been determined, the Court declines to
7    address whether Deckers should be awarded pre- or post-judgment interest, and
8    therefore **DENIES** these requests **WITHOUT PREJUDICE**.

9    **E.    Injunctive Relief**

10   Finally, Deckers seeks permanent injunctive relief to enjoin ShoeScandal from
11   manufacturing, distributing, selling, advertising, or offering for sale products featuring
12   designs that infringe upon Deckers's registered marks.   "[T]he decision whether to
13   grant or deny injunctive relief rests within the equitable discretion of the district
14   courts, and . . . such discretion must be exercised consistent with traditional principles
15   of equity, in patent disputes no less than in other cases governed by such standards."
16   *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006).

17   The Court finds Deckers's proposed injunctive relief appropriate.   ShoeScandal
18   has failed to respond to the claims brought against it despite receiving adequate notice.
19   The Court finds that failure to grant the injunction would result in Deckers's
20   continued exposure to irreparable harm with no method of recourse.   An injunctive
21   remedy is also warranted because it poses little hardship on ShoeScandal, who would
22   merely be enjoined from engaging in future illegal infringement.   Accordingly, the
23   Court **GRANTS** Deckers's proposed injunction.

24   ## V.    CONCLUSION

25   Deckers's Application for Default Judgment is therefore **GRANTED** with
26   respect to liability, costs, and Deckers's proposed injunctive relief.   Further, Deckers's
27   Application is **DENIED WITHOUT PREJUDICE** with respect to compensatory
28   damages, attorney's fees, and pre- and post-judgment interest.   Deckers may renew its

1   request for damages no later than August 26.  Should it fail to do so, the Court will
2   dismiss this matter for lack of prosecution.

3

4   **IT IS SO ORDERED.**

5   August 7, 2013

6

7   _____

8   **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28